Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELLIOT PERSHES**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**USA FITNESS CENTER;** DOES 1-10 Inclusive**,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   ELLIOT PERSHES ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of USA FITNESS CENTER ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose

subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

7. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of Pennsylvania, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a corporation incorporated in California and doing business in California. Plaintiff also seeks $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant are subject to personal jurisdiction in the County of Los Angeles, State of California.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Pennsylvania. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant are, and at all times mentioned herein is, a corporation incorporated under the laws of California and do business within the State of California. Defendant, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153 (39).

Defendant claims to provide relief from Federal taxes. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

11. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

12. On or about May of 2018, Plaintiff received a text message from Defendant on his cellular telephone, number ending in -7763.

13. During this time, Defendant began to use Plaintiff's cellular telephone for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages, including a text message sent to and received by Plaintiff on or about May 9, 2018.

14. On or before May 9. 2018, Plaintiff started receiving regular text messages from Defendant that read:

> Join USA FITNESS for only $13.99 Monthly online on the website.
> Month to Month term. Full details online. Expires May 12.
> www.usafitness.la
> text stop 2 stop

15. On or about May 13, 2018, Plaintiff received a text message from Defendant that read:

> USA FITNESS Mother's Day Special: Come in today and get an INCREDIBLE deal. 18420 Hart Street, Reseda.
> www.usafitness.la
> text stop 2 stop

16. On or about May 31, 2018, Plaintiff received a text message from Defendant that read:

> INCREDIBLE PRICING for end of the month closeout at USA FITNESS – offer valid inside club only.
> Come today for big savings!
> goo.gl/mv2YU7
> txt stop 2 stop

17. On or about June 18, 2018, Plaintiff received a text message from Defendant that read:

> Join USA Fitness today for only $1! $49.99 Monthly
> Visit us @ 18420 Hart St. Reseda, CA to claim offer.
> See club 4 details. Expires in 3 days.
> txt stop 2 stop

18. On or about July 10, 2018, Plaintiff received a text message from Defendant that read:

> USA Fitness Sumer Sale!
> Pre-sale includes NEW Panorama City access.
> Hurry! Offer ends 7/15.
> Extra $50 off online w/ code USA
> usafitness.la
> txt stop 2 stop

19. On or about July 24, 2018, Plaintiff received a text message from Defendant that read:

> Start your USA Fitness membership toay & gain access to the NEW Panorama City Mega Center. Sign up in club for amazing deals!
> usafitness.la
> txt stop 2 stop

20. These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

21. The telephone number that Defendant, or their agent texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

22. These text messages constituted texts that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

23. Upon Information and belief, Plaintiff is informed and believes, and therein alleges that Plaintiff was never a customer of Defendant and never provided his cellular telephone number Defendant for any reason whatsoever. Accordingly, Defendant and their agents never received Plaintiffs prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. These text messages by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

26. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any unsolicited text messages from Defendant which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

27. Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

28. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

29. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant or their agents sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;
b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
c) Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

32. As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendant have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///
///
///
///

### SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 17, 2018                          Respectfully submitted,

**THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: /s/ Todd M. Friedman
TODD M. FRIDMAN, ESQ.
ATTORNEY FOR PLAINTIFF